UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY ALEXANDER MARTIN,

    Petitioner,                                       Civil No. 98-70467
                                                               HONORABLE LAWRENCE P. ZATKOFF
v.                                                       UNITED STATES DISTRICT JUDGE

FRANK ELO, Warden,

    Respondent,
_____/

**OPINION AND ORDER**

Petitioner, a Michigan prisoner proceeding pro se, moves this Court for an order that will provide him with copies of the documents filed at Docket Nos. 2 (Petitioner's first petition), 26 (the Court's order denying the petition), 27 (judgment page regarding the first petition), 28 (Petitioner's notice of appeal), 31 (the Court's order denying certificate of appealability), and 37 (certified copy of order from the Sixth Circuit Court of Appeals denying his appeal).

## I.    BACKGROUND

In 1993, a jury convicted Petitioner of two counts of felony-murder and one count of first-degree murder. The trial court sentenced him to life imprisonment on all three counts. The Michigan Court of Appeals affirmed the first-degree murder conviction but vacated the two felony-murder convictions on double-jeopardy grounds. The Michigan Supreme Court denied leave to appeal.

In February 1998, Petitioner filed a petition for a writ of habeas corpus in this Court. This Court denied the petition and a certificate of appealability, and the Sixth Circuit denied Petitioner's appeal. *Petitioner v. Elo*, No. 99-1406 (6th Cir. Aug. 18, 1999). Petitioner later filed a motion for relief from judgment in this Court. This Court construed the motion as a

second or successive habeas petition and transferred the motion to the Sixth Circuit, citing *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

In addressing that second habeas petition, the Sixth Circuit noted that a petitioner must obtain permission to file a second or successive habeas petition from the court of appeals. 28 U.S.C. § 2244(b)(3)(A). To obtain permission, a petitioner must make a prima facie showing that: (1) newly discovered evidence exists which, if proven and viewed in light of the evidence as a whole, sufficiently establishes that no reasonable fact-finder would have found the movant guilty of the offense; or (2) a previously unavailable rule of constitutional law exists that the Supreme Court has made retroactive to cases on collateral review. 28 U.S.C. § 2244(b)(2). On September 16, 2011, the Sixth Circuit concluded Petitioner did not satisfy either prong, noting that:

> Petitioner d[id] not argue that newly discovered evidence exists. He also d[id] not argue that a previously unavailable rule of constitutional law has been made retroactive to his case. He merely attack[ed] the order in which the complaint listed the charges. The motion for an order authorizing the district court to consider a second or successive habeas petition is denied.

In other words, Petitioner's prior successive petition lacked any merit.

## II. ANALYSIS

28 U.S.C. § 2250 provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

The Court first notes that Petitioner does not have a pending habeas corpus petition before this Court or the Sixth Circuit Court of Appeals (from which he must obtain permission to file another petition). The Court also notes that Petitioner's first two attempts at filing a petition for writ of habeas corpus have failed. Now, it appears Petitioner has filed the instant motion seeking documents, apparently for the purpose of filing another habeas petition. Petitioner does not offer,

however, any theory upon which he might file a successful petition for writ of habeas corpus – or even file such a petition in good faith. Specifically, "Petitioner does not argue that newly discovered evidence exists. He also does not argue that a previously unavailable rule of constitutional law has been made retroactive to his case." Finally, Petitioner has set forth no basis or explanation for why he seeks the documents, each of which was previously provided to him by this Court or the Sixth Circuit.

Therefore, for the reasons set forth above, this Court is not persuaded that Petitioner is entitled to the documents he seeks in his Section 2250 motion and denies Defendant's Motion for Documents under 28 U.S.C. § 2250.

### III.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby DENIES Defendant's Motion for Documents under 28 U.S.C. § 2250.

IT IS SO ORDERED.

Date: September 19, 2014
S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE